*The expert deposition in question may be conducted on 1/29/18. Otherwise, this Court considers discovery to be completed.*

January 2, 2017     SO ORDERED:   DATE: 1/5/18

*/s/ Debra Freeman*
DEBRA FREEMAN
UNITED STATES MAGISTRATE [JUDGE]

**WILMERHALE**

Fiona Kaye

+1 212 295 7237 (t)
+1 212 230 8888 (f)
fiona.kaye@wilmerhale.com

**VIA ECF**

The Honorable Debra C. Freeman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/18

Re:   *Lehal v. Central Falls Detention Facility Corp., et al.*, No. 13-cv-3923 (DCF)

Dear Judge Freeman:

This firm represents Plaintiff Shawn Lehal as Limited Discovery Counsel in the above-captioned matter. I write to request an extension of expert discovery in order to accommodate the availability of the expert of Defendants Central Falls Detention Facility Corporation ("CFDFC") and Dr. Blanchette (collectively, the "CFDFC Defendants"). Expert discovery is set to close on January 12, 2018 (ECF No. 155); we request an extension to January 29, 2018, the earliest deposition date workable for the parties and the expert.

Plaintiff received the CFDFC Defendants' expert disclosures on December 15, 2017. On December 19, 2017, Plaintiff noticed a deposition of the CFDFC Defendants' expert on January 8, 2018. On December 26, the CFDFC Defendants' counsel stated that their expert was available to be deposed on January 15 (Martin Luther King Jr. Day). The message made no mention of Plaintiff's noticed date or the fact that the newly offered date was after the close of expert discovery. On December 27, I asked the CFDFC Defendants' counsel to confirm that their expert would not be made available before the close of discovery, in which case I asked that they submit a letter to the Court requesting an extension of discovery to accommodate their expert. The CFDFC Defendants' counsel replied confirming that their expert was not available for the noticed date, and once again offered dates only after the close of discovery. After I followed up regarding the extension request, the CFDFC Defendants' counsel wrote that they did not intend to file a request with the Court, but stated that they consent to the extension to allow for Dr. Luks' deposition. Counsel for the U.S. Marshals also consents to the request.

In light of the CFDFC Defendants' unwillingness to ask this Court for the necessary extension—perhaps in an effort to maintain the appearance of diligence they asserted in their request to reopen fact discovery (*see* ECF No. 159)—Plaintiff's counsel is submitting this request. The parties have previously asked this Court for four extensions of fact discovery in this case (*see* ECF Nos. 129, 144, 148, and 155). Plaintiff respectfully contends that there is good cause for the extension: This deposition is important to Plaintiff's claims, and Plaintiff asks that he not suffer prejudice as a result of the CFDFC Defendants' uncooperativeness and persistent delay.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    Washington

WILMERHALE

January 2, 2017
Page 2

Respectfully submitted,

/s/  Fiona J. Kaye
Fiona J. Kaye

cc: All counsel of record (via ECF)